Deaderick, J.,
delivered the opinion of the Court..
T. B. Micou became the purchaser of two lots in the City of Memphis, at a sale made in this cause by the Clerk and Master, under the decree of the Chancery Court of Memphis. The price at which the lots were purchased, was two thousand one hundred and forty-eight dollars, ($2,148). He complied with the terms of sale by paying one-third cash, and executing two notes due respectively at six and twelve months from the 2nd of June, 1866, the day of salé.
The Master reported on the 9th of January, 1868, that a balance remained unpaid on the note first due of $101, and that the whole of the second note, with interest, amounting to $742, also remained due and unpaid, making the sum total due upon said two notes, with interest to January the 9th, 1868, eight hundred and forty-three dollars, ($843). At the April Term, 1868, on motion of the complainants, a decree was rendered against Micou, the purchaser, with directions, if the money was not paid within sixty days after the rendition of the decree, that the Clerk and Master proceed to advertise and sell the said two lots to the highest bidder for cash, without any right or equity of redemption on the part of said Micou, his creditors, heirs, or assigns. This decree was revived July the 7th, 1868. The money not having been paid, the Clerk and Master advertised the lots as directed in the decree, when the purchaser obtained writs of error and supersedeas, and suspended the sale of the lots and brought the cause into this Court for revision.
*677 It is insisted that the decree of the Chancellor is •erroneous, because the Master was directed to ascertain and report the balance due upon said Micou’s notes, and no notice was given him of such reference to the Master. And for the further reason that the Chancellor has no power to order the re-sale of land for cash to pay the purchase money, without formal notice to the purchaser of the application. The report simply shows which of the several purchasers of numerous lots sold, had failed to pay the purchase money due, and the amount due from each. The object of a reference to the Master ordinarily is, that he may ascertain the truth of disputed facts or for the convenience of the Court, make calculations where the items of the account are numerous, and report the result to the Court. Where there is but the one subject of investigation, as the amount due upon a note, the Court might well ascertain it without such •a reference; and upon such an inquiry, if referred to -the Master, no notice would be necessary, especially where it appears there is no contest of the question referred. No complaint is made that the sums reported as remaining unpaid upon the notes is not still due, nor was any exception filed to the Master’s report. There was, therefore, no error in not giving the purchaser notice that it was referred to the Master to ascertain and report the balance due upon his notes.
Upon the other question, the purchaser refers to the unreported ease of Gordon v. Cheek, which seems, from the proceeding in the Chancery Court of Memphis, to have been decided in this Court at the April *678 Term, 1858. That case, as far as we can ascertain, seems to have held that it was error to order a resale of land for cash and without the right of redemption, for the payment of the purchase money, without notice to the purchaser. In the case of Beason v. Porterfield, decided by this Court in December,. 1859, at Nashville, the purchaser of land sold under decree of the Chancery Court paid a part of the purchase money, as in this case, and a decree was made-by which the Clerk and Master was directed, if the-money were not paid by a day fixed in the decree,, to re-sell the land, and on receiving the purchase-money to execute a deed and issue a writ of possession to the purchaser. This was done and the sale was held valid, and that the original purchaser had no right to redeem. 3 Head, 364-5.
And this Court has, in several similar cases recently decided, so held: See Munson v. Payne, decided, at the present Term. The Court must have power-to enforce and make effectual its decrees. The purchaser of property sold by decree of the Chancery Court becomes a party to the' cause, in all that pertains to his purchase. He knows that he has executed his note and is bound to pay it, when due, and that he is in default when it remains unpaid after it becomes due. He is therefore, as a party, bound ta take notice of such proceedings as may be had in respect to his rights and duties as a purchaser, without any other or further notice.- We are, therefore, of opinion that there was no error in the Chancellor’s, decree, and remand the cause for its execution.